**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SPENCER ACKERMAN**<br>678 E. 24th St,<br>Brooklyn, NY 1121<br><br>                                        *Plaintiff,*<br><br>**v.**<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>935 Pennsylvania Ave. NW<br>Washington, DC 20530<br><br>                                        *Defendant.* | Case No. 24-cv-2858 |

## COMPLAINT

1.      Plaintiff Spencer Ackerman ("Plaintiff" and/or "Mr. Ackerman") brings this action against the Federal Bureau of Investigation (FBI) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel the FBI to conduct a reasonable search, issue a determination, produce records related to the FBI's investigations of Ali Khan and Majid Khan, grant a public-interest fee waiver, recognize Mr. Ackerman as a member of the news media with respect to administrative fees, and modify the agency's practices to conform with the FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions

of FOIA or has issued a final determination upon appeal of all of Plaintiff's requests, Plaintiff is

deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i)

and is now entitled to judicial action enjoining the agency from continuing to withhold agency

records and ordering the search, processing, and production of agency records improperly

withheld in accordance with 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5.      Plaintiff Spencer Ackerman is an independent journalist and author who submitted

each of the FOIA requests at issue in this action.

6.      Defendant FBI is an agency of the federal government within the meaning of 5

U.S.C. § 552(f)(1) headquartered in Washington, DC. The FBI has possession, custody, and

control of the records that Mr. Ackerman seeks.

## STATEMENT OF FACTS

7.      On March 5, 2003, agents of the FBI searched the home of Mr. Ali Khan in

Baltimore County, Maryland. At that time, Ali Khan gave a voluntary interview at an FBI office

in Baltimore, answering questions related to his son, Majid Khan, and another man, Iyman Faris,

who were both suspected by the FBI of acting in support of terrorist attacks then thought to be

planned by leaders of Al Qaeda following on from the attacks of September 11, 2001. The FBI

also obtained a FISA warrant for a wiretap on Ali Khan's residence, and conducted other

surveillance of Majid Khan's communications (S. Report 113-288 at 280, 335, December 9,

2014). These events remain of significant public interest, as they shed light on the FBI's

approach to counterterrorism and electronic surveillance, an ongoing concern. Plaintiff Spencer
Ackerman is an award-winning journalist and author who has written extensively on issues of
national security and law enforcement, and seeks to investigate and report on these events.

8.      On May 20, 2024, Mr. Ackerman submitted nine FOIA requests to the FBI seeking
distinct categories of records relating to the FBI's investigations of Ali Khan and Majid Khan.
True and correct copies of each of the request letters (without enclosures) are attached as
Exhibits 1-9.

9.      Mr. Ackerman attempted to submit the first of his FOIA requests to the FBI first by
email to the email address "foipaquestions@fbi.gov" but was informed by the FBI in reply that
this email address does not accept FOIA requests. The FBI FOIA office instructed him that he
must re-submit his request at the FBI's FOIA web portal in order for his request to be accepted,
writing "The foipaquestions@fbi.gov email address is not the proper submission method for new
Freedom of Information/Privacy Act (FOIPA) requests. You may submit your request
electronically [at the FBI FOIA web portal], or mail it [to a provided address]." See Ex. 10.

10.     Each of Mr. Ackerman's FOIA requests included copies of  the form DOJ-361
completed and signed by Ali Khan and Majid Khan, authorizing the FBI to release records about
them to Mr. Ackerman. Therefore, the privacy related exemptions of the FOIA are unlikely to
apply to responsive records to protect their privacy.

11.     Each of Mr. Ackerman's FOIA requests also included 1) a request for a waiver of
administrative fees under the DOJ's FOIA regulation (28 CFR 16.10(k)(2)(iii)(B)) because the
disclosure of the records sought would serve the public interest, and alternatively, 2) a request
for a limitation of fees to those applicable to representatives of the news media, in accordance
with the DOJ's FOIA regulation at 28 CFR 16.10(d)(1). Ex. 1-9. The specific records sought in
each of these nine requests are set out in the following paragraphs.

*Records of Electronic Surveillance of Ali Khan and Majid Khan*

12.     Plaintiff submitted a FOIA request to the FBI's "eFOIPA Portal" website with

the header label "Ackerman FOIA Request No. 01" (See Ex. 1) seeking:

> All records from the years 2003 and 2004 related to wiretaps, pen
> registers, national security letter data collections, and any other
> electronic surveillance activities targeting or involving Mr. Ali
> Khan[...].

13.     Plaintiff submitted a FOIA request to the FBI's "eFOIPA Portal" website with

the header label "Ackerman FOIA Request No. 02" (See Ex. 2) seeking:

> All records from the years 2003 and 2004 related to wiretaps, pen
> registers, national security letter data collections and any other
> electronic surveillance activities targeting or involving Mr. Majid
> Khan[...].

*Records of FBI Interviews*

14.     Plaintiff submitted a FOIA request to the FBI's "eFOIPA Portal" website with

the header label "Ackerman FOIA Request No. 03" (See Ex. 3) seeking:

> All investigative records related to an interview of Ali Khan
> conducted by FBI personnel on or around March 5, 2003.

15.     Plaintiff submitted a FOIA request to the FBI's "eFOIPA Portal" website with

the header label "Ackerman FOIA Request No. 04" (See Ex. 4) seeking:

> All investigative records related to an interview of Mahmood
> Khan, son of Ali Khan and brother of Majid Khan, conducted by
> FBI personnel in or around March or April 2003.

*Records of FBI Non-electronic Surveillance*

16.     Plaintiff submitted a FOIA request to the FBI's "eFOIPA Portal" website with

the header label "Ackerman FOIA Request No. 05" (See Ex. 5) seeking:

> All records related to human and all other non-electronic
> surveillance and investigative activities targeting Ali Khan[...].

17.     Plaintiff submitted a FOIA request to the FBI's "eFOIPA Portal" website with

the header label "Ackerman FOIA Request No. 06" (See Ex. 6) seeking:

> All records related to human and all other non-electronic
> surveillance and investigative activities targeting Ali Khan in
> reference to Iyman Faris[...].

### Records of Prior FOIA Releases

18.     Plaintiff submitted a FOIA request to the FBI's "eFOIPA Portal" website with

the header label "Ackerman FOIA Request No. 07" (See Ex. 7) seeking:

> All final processed FOIA releases by the FBI for previous requests
> for records to the FBI related to Majid Khan, including but not
> limited to the following: request number 2013-01746, dated
> 1/7/14; and request number 1511489, dated 12/7/21.

### Records of Indexed "FBI Files" of Ali and Majid Khan

19.     Plaintiff submitted a FOIA request to the FBI's "eFOIPA Portal" website with

the header label "Ackerman FOIA Request No. 08" (See Ex. 8) seeking:

> All records that have been that have been previously indexed or
> "tagged" in the FBI's filing systems (such as in the Electronic Case
> File (ECF) system or Universal Index) as associated with Mr. Ali
> Khan[...].

20.     Plaintiff submitted a FOIA request to the FBI's "eFOIPA Portal" website with

the header label "Ackerman FOIA Request No. 09" (See Ex. 9) seeking:

> All records that have been that have been previously indexed or
> "tagged" in the FBI's filing systems (such as in the Electronic Case
> File (ECF) system or Universal Index) as associated with Mr.
> Majid Khan[...].

21.     In order to speed and facilitate the FBI's work to conduct a reasonably thorough

search for potentially responsive records for a manual review, Mr. Ackerman's requests numbered

one through seven recommended an identical string of search syntax to help identify responsive

records for all of the requests at one time, providing a waiver of all claims against the completeness of the search if such terms are used to identify records to be manually reviewed. The search terms were not requested in Mr. Ackerman's requests numbered eight and nine because those requests sought records already indexed by the FBI, and therefore no search terms would be necessary. Ex. 1-9.

22.     The FBI sent Mr. Ackerman three letters by U.S mail in reference to the above nine requests. Ex. 11-13. The letters acknowledged receipt of Mr.Ackerman's requests and indicated that eight of Mr. Ackerman's requests remained outstanding, albeit consolidated into two cases for tracking by their primary subject (i.e., Ali Khan or Majid Khan), and one request had been resolved with a final determination by the FBI. Id.

23.    By U.S. Mail, the FBI sent Mr. Ackerman a letter dated May 29, 2024, with the subject "FOIPA Request No: 1636250-000 Subject: KHAN, ALI" acknowledging receipt of Mr. Ackerman's FOIA requests originally numbered one, three, four, five, six, and eight, those primarily concerning Ali Khan. In the standardized format of the FBI's letter, a check box next to a statement reading "[t]he subject of your request is currently being processed, and documents subject to the FOIPA will be released to you upon completion" was <u>not</u> checked, appearing to indicate that this request was not being processed. A check box next to a statement about the FBI considering the request for a public interest fee waiver was checked. A check box next to "representative of the news media" was not checked and another check box next to "general (all others) requester" was checked, indicating that Mr. Ackerman's application for a news media fee exemption had been denied. Ex. 11.

24.    By U.S. Mail, the FBI sent Mr. Ackerman a letter dated may 29, 2024, with the subject "FOIPA Request No: 1636292-000 Subject: KHAN, MAJID" acknowledging receipt of Mr. Ackerman's FOIA requests originally numbered two and nine, those primarily concerning Majid Khan except request number seven. In the standardized format of the FBI's letter, a check box next to a statement saying "[t]he subject of your request is currently being processed, and documents subject to the FOIPA will be released to you upon completion" was <u>not</u> checked, appearing to indicate that this request is not being processed. A check box next to a statement about the FBI considering the request for a public interest fee waiver was checked. A check box next to "representative of the news media" was not checked and another check box next to "general (all others) requester" was checked, indicating that Mr. Ackerman's application for a news media fee exemption had been denied. Ex. 12.

25.     To Date, the FBI has not provided Mr. Ackerman with any records or a final determination regarding his eight requests under the FBI's tracking numbers 1636292-000 and 1636477-000.

26.     By U.S. Mail, the FBI sent Mr. Ackerman a letter dated May 30, 2024, with the subject "FOIPA Request No: 1636477-000 Subject: KHAN, MAJID SHOUKAT, ET. AL (Previous FOIA Releases)" responding to Mr. Ackerman's FOIA request number seven, the request for "all" records of previous FOIA releases by the FBI "related to" Majid Khan "including but not limited to" two requests listed on FBI and DOJ public FOIA logs. The FBI's letter stated that a search had been conducted and no responsive records were found, and this request was therefore closed. Ex. 13.

27.     On August 28, 2024, Mr. Ackerman submitted an appeal of the FBI's action on request number 1636477-000 to the DOJ Office of Information Policy (OIP) FOIA STAR web portal. Mr. Ackerman's appeal challenged the completeness of the FBI's search.

28.     On September 24, 2024, the OIP responded to Mr. Ackerman's appeal, affirming the FBI's earlier determination that a search had been conducted and no responsive records were found. See Ex. 14. OIP's appeal response noted that two leads suggested in Mr. Ackerman's FOIA request as examples of potentially responsive records (entries in FBI and DOJ FOIA logs) did not result in locating responsive records at the FBI. The response further suggested that Mr. Ackerman could submit a new FOIA request to a different DOJ component. Finally, OIP's letter noted that the FOIA permits Mr. Ackerman to file a lawsuit under these circumstances if he is dissatisfied with the FBI's handling of his request. Id.

29.     The FBI's search for records under FOIA request case tracking number

1636477-000 appears to have been inadequate. Because the request sought all prior FOIA releases

"Related to Majid Khan," an adequate search would have, at minimum, electronically searched

for the name "Majid Khan" and reasonable variations thereof throughout the body text of the

records of prior FOIA releases by the FBI's FOIA office since 2003. Neither the FBI's

determination letter, nor the OIP's appeal response provided Mr. Ackerman with any description

of the search terms used or the records systems searched in response to his request.

<u>**COUNT I**</u>
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

30.     Plaintiff Spencer Ackerman repeats the allegations in the foregoing

paragraphs and incorporates them as though fully set forth herein.

31.     Mr. Ackerman properly requested records within the possession, custody, and

control of the FBI.

32.     Defendant, the FBI is an agency subject to FOIA, and it must therefore make

reasonable efforts to search for requested records.

33.     The FBI has failed to promptly review agency records for the purpose of

locating those records that are responsive to Mr. Ackerman's FOIA requests.

34.     The FBI has failed to promptly review agency records for the purpose of

locating those records that are responsive to Mr. Ackerman's FOIA requests.

35.     The FBI's failure to conduct an adequate search for responsive records

violates the FOIA and FBI regulations.

36.     Plaintiff Spencer Ackerman is therefore entitled to injunctive and declaratory

relief requiring Defendant to promptly make reasonable efforts to search for records

responsive to Mr. Ackerman's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

37.     Plaintiff Spencer Ackerman repeats the allegations in paragraphs 1 through 29 and incorporates them as though fully set forth herein.

38.     Mr. Ackerman properly requested records within the possession, custody, and control of the FBI.

39.     Defendant, the FBI is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

40.     As of the date of this filing, the FBI is improperly withholding non-exempt agency records requested by Mr. Ackerman by failing to produce non-exempt records responsive to his FOIA requests.

41.     The FBI's failure to provide all non-exempt responsive records violates FOIA and FBI regulations.

42.     Plaintiff Spencer Ackerman is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT III

### Violation of FOIA, 5 U.S.C. § 552

### Improper denial of fee waivers and fee exemptions. 5 U.S.C. § 552(a)(4)(A).

43.     Plaintiff Spencer Ackerman repeats the allegations in paragraphs 1 through

29 and incorporates them as though fully set forth herein.

44.     Mr. Ackerman properly requested a public interest fee waiver in his FOIA requests to the FBI.

45.     Defendant, the FBI, is an agency subject to FOIA, and it must therefore provide a waiver of fees upon request where the request meets the requirements for such a waiver set out in 5 U.S.C. § 552(a)(4)(A)(iii), and must also provide an exemption to certain processing fees upon request when the requestor meets the requirements for such exemption set out in 5 U.S.C. § 552(a)(4)(A)(ii).

46.     As of the date of this filing, the FBI is failing to make a timely determination regarding Mr. Ackerman's public interest fee waiver requests  in violation of the FOIA and FBI regulations.

47.     The FBI improperly denied Mr. Ackerman's requests for fee exemptions as a representative of the news media in violation of the FOIA and FBI regulations.

48.     Plaintiff Spencer Ackerman is therefore entitled to declaratory and injunctive relief requiring Defendant to provide the requested waivers and exemptions from fees for his FOIA requests.

## COUNT IV

### Violation of FOIA, 5 U.S.C. § 552

**Improper policy or practice in response to FOIA requests submitted by email. 5 U.S.C. § 552(a)(3)(A).**

49.     Plaintiff Spencer Ackerman repeats the allegations in paragraphs 1 through 29 and incorporates them as though fully set forth herein.

50.     The FBI, as a component of the Department of Justice (DOJ), is bound by the FOIA statute to follow its parent agency's regulations concerning treatment of FOIA requests. 5 U.S.C. § 552(a)(3)(A). DOJ's FOIA regulations state that "[a]ll components have the capability to receive requests electronically either through email or a web portal." See 28 C.F.R. § 16.3(a). DOJ regulations further direct that "[c]omponents should, to the extent practicable, communicate with requesters having access to the Internet using electronic means, such as email or web portal." See 28 C.F.R. § 16.6(a).

51.     Mr. Ackerman attempted to submit his first request (originally numbered "one") via email to a working email address of the FBI's FOIA office. But, as stated above, his request by that method was refused by the FBI. This practice is in violation of the requirement of the above excerpted DOJ FOIA regulation that each component agency receive requests by "email or a web portal." See 28 C.F.R. § 16.3(a)(a).

52.     As described above, in response to his requests submitted electronically via the FBI's web portal, the FBI responded with two acknowledgement letters and one final determination letter, all by U.S. mail. This practice is in violation of the requirement of the DOJ FOIA regulation that each component agency use "electronic means" to communicate with requesters "to the extent practicable." See 28 C.F.R. § 16.6(a).

53.     These policies and practices by the FBI to restrict submission of requests and use other than electronic communications are improper under the FOIA and applicable DOJ regulations. Further, these policies and practices are integrated into the systems the FBI uses to respond to FOIA requests from day to day, and therefore are likely to impair efforts of Mr. Ackerman and other journalists and members of the public in obtaining records from the FBI in the future.

**REQUESTED RELIEF**

WHEREFORE, Spencer Ackerman respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Mr. Ackerman's FOIA requests;

(2) Order Defendant to produce, by such other date as the Court deems appropriate, any and all non-exempt records responsive to Mr. Ackerman's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Mr. Ackerman's FOIA requests;

(4) Order Defendant to waive all processing fees for Plaintiff's FOIA requests under the FOIA's public interest fee waiver provision and grant an exemption from certain fees as a representative of the news media;

(5) Order Defendant to conform its practices in relation to receipt of FOIA requests by email and communication with requesters via electronic means to the directives of applicable DOJ FOIA regulations;

(6) Award Mr. Ackerman the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant Mr. Ackerman such other relief as the Court deems just and proper.

Dated: October 8, 2024                    Respectfully submitted,

                                          */s/ Kerry S. Gutknecht*

                                          Counsel for Plaintiff
                                          SPENCER ACKERMAN

                                          Kerry Gutknecht (D.C. Bar No. 1657705)
                                          1319 F St NW Ste 301
                                          PMB 154
                                          Washington, DC 20004
                                          (202)789-1650
                                          Kerry@GutknechtLegal.com