UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SPENCER ACKERMAN,

       Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

Civil Action No. 24-cv-2858

## ANSWER

Defendant Federal Bureau of Investigation ("FBI") respectfully files an answer to the Plaintiff Spencer Ackerman's complaint (the "Complaint"), ECF No. 1, in this Freedom of Information Act ("FOIA") case.  Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

1.      The allegations in Paragraph 1 consist of Plaintiff's characterization of this lawsuit and conclusions of law, to which no response is required.

## JURISDICTION AND VENUE[1]

2.      The allegations in Paragraph 2 consist of conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of FOIA and pursuant to 5 U.S.C. § 552(a)(4)(B).

---

[1]    For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3.     The allegations in Paragraph 3 consist of conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

4.     The allegations in Paragraph 4 consist of conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff has exhausted administrative remedies, but only as to the issues raised in the administrative appeal submitted by Plaintiff to the DOJ Office of Information Policy ("OIP").

## PARTIES

5.     Defendant lacks knowledge and sufficient information to form a belief as to the truth of the allegations in the first portion of Paragraph 5.  As to the second portion of Paragraph 5, Defendant admits only that it has received FOIA requests submitted by the Plaintiff.

6.     Defendant denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that the FBI is a component of the Department of Justice, which is subject to the requirements of the FOIA.  The remainder of the allegations in Paragraph 6 consist of conclusions of law to which no response is required.

## STATEMENT OF FACTS

7.     Paragraph 7 consist of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit and to which no response is required.  The allegations should be stricken from the Complaint pursuant to Rule 12(f).  To the extent a response to these allegations is deemed required, Defendant refers the Court to the referenced Senate Report cited in Paragraph 7 for a complete and accurate statement of their contents.

8.     Defendant admits that Plaintiff submitted nine FOIA requests to the FBI, but avers that due to the similar subject matters, the FOIA requests have been assigned three separate FOIPA request numbers:

FOIPA Request No: 1636250-000
Subject: Khan, Ali

FOIPA Request No: 1636292-000
Subject: Khan, Majid

FOIPA Request No: 1636477-000
Subject: Khan, Majid or Khan, Ali (Records related to previous FOIA releases)

The remaining allegations in Paragraph 8 purport to characterize Plaintiff's requests which speak for themselves and are the best evidence of their contents.  Defendant respectfully refers the Court to the requests for a complete and accurate description of their contents and deny the allegations to the extent they are inconsistent with the requests.

9.     Defendant admits the allegations in Paragraph 9.

10.     Defendant admits that Plaintiff provided privacy waivers for third-party individuals with Plaintiff's FOIA requests.  The allegations in Paragraph 10 purport to characterize the privacy waivers which speak for themselves and are the best evidence of their contents.  Defendant respectfully refers this Court to the cited privacy waivers for a complete and accurate description of their contents and denies the allegations to the extent they are consistent with the privacy waivers.  The remainder of the allegations in paragraph 10 consist of conclusions of law to which no response is required.

11.     The allegations in Paragraph 11 purport to characterize Plaintiff's requests and his requests for fee waivers which speak for themselves and are the best evidence of their contents. Defendant respectfully refers this Court to the cited requests for a complete and accurate

description of their contents and denies the allegations to the extent they are consistent with the requests.

*Records of Electronic Surveillance of Ali Khan and Majid Khan*

12.    The allegations in Paragraph 12 purport to characterize Plaintiff's first FOIA request and the records sought which speaks for itself and is the best evidence of its contents. Defendant respectfully refers this Court to the cited request for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the request.

13.    The allegations in Paragraph 13 purport to characterize Plaintiff's second FOIA request and the records sought which speaks for itself and is the best evidence of its contents. Defendant respectfully refers this Court to the cited request for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the request.

*Records of FBI Interviews*

14.    The allegations in Paragraph 14 purport to characterize Plaintiff's third FOIA request and the records sought which speaks for itself and is the best evidence of its contents. Defendant respectfully refers this Court to the cited request for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the request.

15.    The allegations in Paragraph 15 purport to characterize Plaintiff's fourth FOIA request and the records sought which speaks for itself and is the best evidence of its contents. Defendant respectfully refers this Court to the cited request for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the request.

*Records of FBI Non-electronic Surveillance*

16.    The allegations in Paragraph 16 purport to characterize Plaintiff's fifth FOIA request and the records sought which speaks for itself and is the best evidence of its contents.

Defendant respectfully refers this Court to the cited request for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the request.

17.    The allegations in Paragraph 17 purport to characterize sixth FOIA request and the records sought which speaks for itself and is the best evidence of its contents. Defendant respectfully refers this Court to the cited request for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the request.

*Records of Prior FOIA Releases*

18.    The allegations in Paragraph 18 purport to characterize Plaintiff's seventh FOIA request and the records sought which speaks for itself and is the best evidence of its contents. Defendant respectfully refers this Court to the cited request for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the request.

19.    The allegations in Paragraph 19 purport to characterize Plaintiff's eighth FOIA request and the records sought which speaks for itself and is the best evidence of its contents. Defendant respectfully refers this Court to the cited request for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the request.

20.    The allegations in Paragraph 20 purport to characterize Plaintiff's ninth FOIA request and the records sought which speaks for itself and is the best evidence of its contents. Defendant respectfully refers this Court to the cited request for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the request.

21.    The allegations in Paragraph 21 consist of Plaintiff's characterization of his FOIA requests which speaks for themselves and are the best evidence of their contents.  Defendant respectfully refers this Court to the cited requests for a complete and accurate description of their contents and denies the allegations to the extent they are consistent with the requests.

22.     The allegations in Paragraph 22 purport to characterize letters Plaintiff received from the FBI pertaining to the receipt of his receipts, as well as the FBI's determination on FOIPA request number 1636477-000, which speak for themselves and are the best evidence of their contents.  Defendant respectfully refers this Court to the cited letters for a complete and accurate description of their contents and denies the allegations to the extent they are consistent with the letters.

23.     Defendant admits that on May 28, 2024, the FBI sent Plaintiff a letter acknowledging receipt of Plaintiff's FOIA requests seeking information pertaining to Ali Khan and advised Plaintiff that the request had been assigned FOIPA request number 1636250-000.  The letter included check boxes to provide additional information to Plaintiff regarding the status of the processing of the request and the Plaintiff's request for a fee waiver.  The remainder of the allegations in Paragraph 23 purport to characterize the letters which speak for themselves and are the best evidence of their contents. Defendant respectfully refers this Court to the cited letters for a complete and accurate description of their contents and denies the allegations to the extent they are consistent with the letters.

24.     Defendant admits that on May 29, 2024, the FBI sent Plaintiff a letter acknowledging receipt of Plaintiff's FOIA requests seeking information pertaining to Majid Khan and advised Plaintiff that the request had been assigned FOIPA request number 1636292-000.  The letter included check boxes to provide additional information to Plaintiff regarding the status of the processing of the request and the Plaintiff's request for a fee waiver.  The remainder of the allegations in Paragraph 24 purport to characterize the letter which speaks for itself and is the best evidence of its contents.  Defendant respectfully refers this Court to the cited letter for a complete

and accurate description of its contents and denies the allegations to the extent they are consistent with the letter.

25.    Defendant admits that to date, it has not released responsive records or issued a final determination in response to FOIPA request numbers 1636250-000 and 1636292-000 but denies that it has not issued a final determination in response to FOIPA request number 1636477-000.

26.    Defendant admits that on May 30, 2024, the FBI sent Plaintiff a letter acknowledging receipt of Plaintiff's FOIA requests seeking records related to previous FOIA releases pertaining to Ali Khan or Majid Khan, which advised Plaintiff that the request had been assigned FOIPA request number 1636477-000.  The letter further notified Plaintiff that the FBI had conducted a search for these records but had been unable to locate any records responsive to the request.  The remainder of the allegations in Paragraph 26 purport to characterize the letter which speaks for itself and is the best evidence of its contents. Defendant respectfully refers this Court to the cited letter for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the letter.

27.    Defendant admits that by letter dated August 28, 2024, Plaintiff submitted an administrative appeal of the FBI's response to the Plaintiff's FOIPA Request No. 1636477-000, which was received by the DOJ OIP.  The remainder of the allegations in Paragraph 27 purport to characterize the appeal which speaks for itself and is the best evidence of its contents.  Defendant respectfully refers this Court to the cited appeal for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the appeal.

28.    Defendant admits that by letter dated September 24, 2024, OIP notified the Plaintiff that OIP had made a decision on Plaintiff's administrative appeal, which had been assigned number

A-2024-02465.  Defendant further admits that OIP informed the Plaintiff that it had affirmed the FBI's determination made in response to Plaintiff's FOIPA Request No. 1636477-000.  The remainder of the allegations in Paragraph 28 purport to characterize the letter which speaks for itself and is the best evidence of its contents.  Defendant respectfully refers this Court to the cited letter for a complete and accurate description of its contents and denies the allegations to the extent they are consistent with the letter.

29.     The allegations in Paragraph 29 consist of legal conclusions to which no response is required.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 522**
**Failure to Conduct Adequate Searches for Responsive Records**

30.     Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

31.     The allegations in Paragraph 31 consist of conclusions of law to which no response is required.

32.     Defendant denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that the FBI is a component of the Department of Justice, which is subject to the requirements of the FOIA.  The remainder of the allegations in Paragraph 32 consist of conclusions of law to which no response is required.

33.     The allegations in Paragraph 33 consist of conclusions of law to which no response is required.

34.     The allegations in Paragraph 34 consist of conclusions of law to which no response is required.

35.     The allegations in Paragraph 35 consist of conclusions of law to which no response is required.

36.     The allegations in Paragraph 36 consist of Plaintiff's requested relief to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 522**
**Wrongful Withholding of Non-Exempt Responsive Records**

37.     Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

38.     The allegations in Paragraph 38 consist of conclusions of law to which no response is required.

39.     Defendant denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that the FBI is a component of the Department of Justice, which is subject to the requirements of the FOIA.  The remainder of the allegations in Paragraph 39 consist of conclusions of law to which no response is required.

40.     Defendant admits that to date, it has not released responsive records or issued a final determination in response to FOIPA request numbers 1636250-000 and 1636292-000 but denies that it failed to respond to Plaintiff's requests.  Defendant further denies that it has not issued a final determination in response to FOIPA request number 1636477-000.  The remainder of the allegations in Paragraph 40 consist of conclusions of law to which no response is required.

41.     The allegations in Paragraph 41 consist of conclusions of law to which no response is required.

42.     The allegations in Paragraph 42 consist of Plaintiff's requested relief to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## COUNT III

### Violation of FOIA, 5 U.S.C. § 522

### Improper denial of fee waivers and fee exemptions, 5 U.S.C. § 552(a)(4)(A)

43.     Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

44.     The allegations in Paragraph 44 consist of conclusions of law to which no response is required.

45.     Defendant denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that the FBI is a component of the Department of Justice, which is subject to the requirements of the FOIA.  The remainder of the allegations in Paragraph 33 consist of conclusions of law to which no response is required.

46.     The allegations in Paragraph 46 consist of conclusions of law to which no response is required.

47.     The allegations in Paragraph 47 consist of conclusions of law to which no response is required.

48.     This allegations in Paragraph 48 consist of Plaintiff's requested relief to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## COUNT IV

### Violation of FOIA, 5 U.S.C. § 522

### Improper policy or practice in response to FOIA requests submitted by email, 5 U.S.C. § 552(a)(3)(A)

49.    Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

50.    Defendant denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that the FBI is a component of the Department of Justice, which is subject to the requirements of the FOIA.  The remainder of the allegations in Paragraph 50 consist of conclusions of law to which no response is required.

51.    The allegations in Paragraph 51 consist of conclusions of law to which no response is required.

52.    The allegations in Paragraph 52consist of conclusions of law to which no response is required.

53.    The allegations in Paragraph 53 consist of Plaintiff's requested relief to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

### REQUESTED RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's requested relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

### AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  In further response to the Complaint, Defendants raise the following defenses.  Defendants

respectfully reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendants throughout the course of this litigation.

## FIRST DEFENSE

The only proper Defendant to this case is the Department of Justice. *See Kidder v. F.B.I.*, 517 F. Supp. 2d 17, 19n.1 (D.D.C. 2007) (holding that the Department of Justice is the proper party Defendant and that the FBI should be dismissed as a party).

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's request for relief that exceeds the relief authorized by FOIA, 5 U.S.C. § 552.

## THIRD DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA requests, and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of the FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

## FOURTH DEFENSE

Plaintiff has failed to exhaust administrative remedies.

## FIFTH DEFENSE

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions, release of which records foreseeably would harm an interest the exemption protects, or which records are protected from disclosure by one or more applicable FOIA exclusions.

## SIXTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## SEVENTH DEFENSE

Plaintiff is neither eligible nor entitled to attorney's fees or costs.

## EIGHTH DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## NINTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

## TENTH DEFENSE

The information, in whole or in part, that Plaintiff seeks in its FOIA request is exempt from public disclosure under the FOIA, and Defendant has not improperly withheld any records under 5 U.S.C. § 552, as amended.

Dated: December 16, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____ */s/ Dedra S. Curteman* _____
    DEDRA S. CURTEMAN,
    D.C. Bar #90021492
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2550

*Attorneys for the United States of America*