UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SPENCER ACKERMAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>                    Defendant. | Civil Action No. 24- 2858 (TNM) |

**<u>JOINT STATUS REPORT</u>**

Pursuant to the Court's December 16, 2024, Minute Order, Plaintiff, Protect the Public's Trust, and Defendant, the Department of Agriculture (collectively, "the Parties"), by and through undersigned counsel, respectfully submit the following joint status report.

Plaintiff filed its complaint on October 11, 2024, ECF No. 1, regarding its May 20, 2024, Freedom of Information Act ("FOIA") requests made to the Federal Bureau of Investigation. *See id*. ¶ 8.

Defendant has conducted its search and is currently reviewing the records for responsiveness. Defendant anticipates that it will be able to provide an estimated page total to Plaintiff on or before February 17, 2025. The Defendant also anticipates that it will be able to propose a date for the first interim production of records to Plaintiff on or before February 17, 2025, which it will process on an interim monthly basis by processing 250 pages per month.

Given this update, Defendant believe that summary judgment briefing and the filing of a *Vaughn* Index is premature at this time. Defendant does not anticipate that an *Open America v. Watergate Special Prosecution Force et al.*, 547 F.2d 605 (D.C. Cir. 1976) stay is warranted.

<u>Plaintiff's Position:</u>

First, this Court's Minute Order dated December 16, 2024 ordered that this joint status report provide "the anticipated number of documents responsive to Plaintiffs FOIA request." The FBI has not provided such an estimate of the number of records (or pages) which are at issue in this case. This court routinely requires agency defendants in similar FOIA cases to provide such an estimate in the first joint status report, and doing so would likely assist the parties in considering an agreement to narrow the requests. Defendant has had the underlying FOIA requests for over 240 days, and this suit was initiated more than one hundred days ago. Plaintiff first reached out to Defendant by email to ask when this information might be provided on December 20, 2024. Given that Defendant has conducted its search for an initial collection of potentially responsive records, it is reasonable to expect that they can provide information about the initial results, especially given that some of the categories of records to be collected in Defendants search (e.g., FBI files of individuals, prior completed FOIA responses) are unlikely to be impacted by a review for responsiveness.

Second, the FBI's proposed processing schedule (250 pages of records per month, with the first production by February 17, 2025) cuts in half, the standard processing rate of 500 pages per month that the Bureau has normally provided in FOIA litigation. Moreover, the FBI's previously instituted "interim release policy" rate of 500 pages per month has been endorsed as "reasonable" by this court with regard to this defendant. Martínez v. DOJ, No. 16-1506, slip op. at 4 (D.D.C. Sept. 27, 2023) ("Accordingly, this Court—like many others before it—finds 500 pages per month to be reasonable under the circumstances."). This court has accepted the FBI's 500-page standard minimum rate to the FBI's benefit instead of greater processing volumes requested by FOIA plaintiffs, that would be "detrimental to other requesters." *Id.* at 3. However this court has required production of more than 1,000 pages per month by DOJ components in

extraordinary circumstances. See, e.g., Heritage Found. v. DOJ, No. 23-cv-01854 (D.D.C. August 22, 2023) (minute order to process over 2,000 pages in nine weeks); and see, Finders Keepers USA LLC v. DOJ, 1:22-cv-00009, (D.D.C. April 18, 2022) (minute order to commence rolling productions of 1,000 pages per month). Plaintiff not claiming special treatment and is merely requesting to be treated the same as other parties similarly situated with Defendant. Third, on January 10, 2025, Plaintiff reached out again to Defendant's counsel with a proposal for an agreement intended to significantly narrow the categories of requested records and sequence them in order to streamline the FBI's production schedule to the benefit of both parties. Plaintiff also stipulated that, if records of previous final FOIA releases—the subject of one of Plaintiff's FOIA requests at issue—are processed to be delivered, they should not be counted in monthly processing page counts and should be produced immediately because they will not require further processing. Plaintiff also requested the FBI provide information about the agency's search and collection of responsive records, including what records systems/locations were searched and what search terms or strings were used. Defendant has not responded to Plaintiff's proposal.

In light of these facts, Plaintiff's respectfully requests the Court to order Defendant to immediately provide an estimated volume of responsive records in this case, to include a breakdown of records (or pages) collected as a result of each of the search terms or collection methods the Plaintiff used to gather the responsive records for each of Plaintiff's FOIA requests. Plaintiff further requests that the Court order the parties to meet and confer over Plaintiff's narrowing and sequencing proposal and to file a Joint Status Report by February 3, 2025. Finally, this Court should require DOJ to begin rolling productions of records at the rate of 500 pages per month starting on February 17, 2025 and to immediately release any and all

responsive records of previous final FOIA releases outside of the monthly production schedule.

Defendant's Response:

As to Plaintiff's argument that the FBI should immediately identify the number of potentially responsive records, the facts, circumstances, and practicalities facing the FBI's FOIA staff warrant evaluation in responding to Plaintiff's request for an immediate estimate. *See, e.g.*, *Middle E. Forum v. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 185 (D.D.C. 2018) (courts in D.C. Circuit have considered the effect of other FOIA requests when analyzing the burden on an agency of meeting deadlines for review and production of FOIA material). Plaintiff's FOIA request is broad and as such, requires a great deal of extra time to locate the records responsive to the request and to perform an initial scoping of the records in order to obtain a total page count. Based on the nature of Plaintiff's request, which contains multiple subparts, the FBI estimates that it can provide an estimated page total to Plaintiff on or before February 17, 2025.

Once fully scoped, the documents will be assigned to a FOIA processing team, who will process the records at the FBI's current standard interim release policy ("IRP") of 250 pages per month. Operationally, the FBI has one of the largest and most complex FOIPA programs in the federal government, reviewing approximately one million pages annually for dissemination to the public. Despite this review statistic, the FBI's FOIPA program cannot keep pace with the increasing public demand for FBI records accompanied by more FOIPA litigations for these records. Moreover, on October 20, 2023, the Deputy Attorney General sent a memorandum to several DOJ components, including the FBI, requiring each component to reduce its FOIA backlog to September 2018 levels no later than December 15, 2025. Given this mandate, and the continued growth in the volume and complexity of FOIPA requests and litigations received by the FBI over the last six years, the FBI reevaluated its business practices, to include its long-standing processing

rate of 500 pages per month with the program goal of reducing the size of its FOIA backlog while maximizing the release of information to the most requesters. On July 1, 2024, the FBI revised its IRP from 500 to 250-page increments per month per request--including requests in litigation--to equitably distribute its limited resources to as many requesters as possible.

All of the above factors together underpin the FBI's IRP, designed to equitably provide the most information possible to the largest number of requesters. The FBI's FOIA processing unit is currently managing approximately 11,000 cases and 400 pending cases in litigation. Altering the IRP to provide more information to requesters who litigate at a higher rate than those requesters waiting in FIFO order within the administrative queues creates a program imbalance. In this instance, processing at 500 pages per month allows Plaintiff to consume a larger share of the FBI's finite time and FOIPA resources, shifting them away from other requesters, including many requests not in litigation that predate Plaintiff's request. The same Government Information Specialists processing records to comply with the high-volume of litigation production mandates are the same personnel working on administrative FOIPA requests, consults/referrals, and appeals. Thus, increasing the production rate for Plaintiff's request will result in a less equitable distribution of the FBI's finite processing resources relative to all other requesters. Simply put, departing from the FBI's IRP to produce more records for Plaintiff will extend the response times for all other smaller requesters and result in fewer requesters receiving records each month. Thus, without a compelling need to provide the records in an expedited fashion, as defined by 5 U.S.C. §§ 522(6)(E)(v)(I) and (II), such treatment of Plaintiff's request is unwarranted.

As such, Defendant requests that the Parties submit a further joint status report apprising the Court as to the status of the case on or before March 19, 2025.

Dated: January 17, 2025                          Respectfully submitted,

                                                 /s/ Kerry S. Gutknecht
                                                 Kerry Gutknecht, D.C. Bar #1657705
                                                 1319 F St. NW Ste. 301
                                                 PMB 154
                                                 Washington, D.C. 20004
                                                 (202) 789-1650
                                                 Kerry@GutknechtLegal.com

                                                 *Counsel for Plaintiff*

                                                 BRIDGET M. FITZPATRICK, D.C. Bar #474946
                                                 Acting United States Attorney

                                                 BRIAN P. HUDAK
                                                 Chief, Civil Division

                                                 By: /s/ Dedra S. Curteman
                                                 DEDRA S. CURTEMAN, D.C. Bar # 90021492
                                                 Assistant United States Attorney
                                                 601 D Street, N.W.
                                                 Washington, D.C. 20530
                                                 Telephone: (202) 252-2550
                                                 dedra.curteman@usdoj.gov

                                                 *Counsel for the United States of America*