UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SPENCER ACKERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Civil Action No. 24- 2858 (TNM) |

**DEFENDANT'S SUPPLEMENTAL JOINT STATUS REPORT**

    Defendant, the Federal Bureau of Investigation by and through undersigned counsel, respectfully submits the following supplemental joint status report, consistent with its indication in the Parties' March 14, 2025, Joint Status Report (ECF No. 13).

    Plaintiff filed its complaint on October 11, 2024, ECF No. 1, regarding its May 20, 2024, Freedom of Information Act ("FOIA") requests made to the Federal Bureau of Investigation. *See id.* ¶

    In response to Plaintiff's portion of the March 14, 2025, Joint Status Report (ECF No. 13), Defendant notes that the Plaintiff has sent three separate emails related to the issue of processing and the scope of the request. All three of these emails included discussion of issues unrelated to the scope of the request, include the prioritization of certain records and questions about overall search performed, issues which the FBI has addressed in the parties' joint status report filed on March 17, 2025. Additionally, the Plaintiff's February 19, 2025, and March 7, 2025, emails included questions about the FBI's system capabilities, including the FBI had "certain capabilities to sort and limit its record collection for this case" by utilizing "threading" or "hashing" functions to remove certain types of records. For the same reasons already addressed by the Defendant, the

FBI is unable to accommodate the Plaintiff's proposal. Specifically, the FBI does not use the eDiscovery tools Plaintiff references to process FOIPA requests and utilizes the FOIPA Document Processing System ("FDPS") as a workflow management tool to process responses to FOIA and Privacy Act requests. FDPS operates differently than an eDiscovery tool, and the FBI is unable to use FDPS to perform automated removal of certain record types as Plaintiff suggests, including records that are duplicates or publicly available.

With respect to the scope of the search, by email dated January 10, 2025, the Plaintiff advised the Defendant that the following records could be removed from the scope of the request:

- Duplicate records
- Publicly available news reports, unless intertwined with internal comments or analysis by U.S. government employees, and
- Versions of the DOJ IG's 2009 report on FBI involvement in detainee interrogations, and the Senate Intelligence Committee's 2014 report on detention and interrogation.

Further, by email dated February 19, 2025 (which was resent by email dated March 7, 2025), the Plaintiff advised the Defendant that the following records could be removed from the scope of the request:

- Duplicate records (identical files)
- Duplicated portions of emails (e.g., emails reproduced in later emails in email chains, accomplished by common "threading" functions in eDiscovery software)
- Publicly available reports and news articles (only if they are possible to easily identify).
- All Electronic Communication (EC)-type records (generated in the FBI's internal message system)
- All Emails (keeping file attachments).

The FBI confirms that it can remove these record types from the overall scope of the request. As stated above, however, the FBI is unable to use FDPS to perform automated removal of certain record types, which means that while the records can be removed from the scope of processing, they cannot be identified in an automated way and removed on the front-end of the processing.

- 3 -

Specifically, FDPS still requires a manual review of each page in order to identify and remove these pages. During this manual review, conducted on a monthly interim basis, any pages that fall into the categories specified by Plaintiff will be marked as "out-of-scope" and will not be processed. While the FBI recognizes that the time needed to review and process these records is significant, it should be noted that this is simply the inevitable result of the Plaintiff's request itself, which encompasses a substantial volume of records, including the complete files for multiple individuals. To date, the proposals received from Plaintiff have sought prioritization or have proposed methods for reducing the volume of records which would require automated system capabilities that the FBI does not have. As such, the Plaintiff's proposal does not significantly reduce the overall time needed to process Plaintiff's request.

*   *   *

Dated: March 17, 2025                                  Respectfully submitted,

                                                 EDWARD R. MARTIN, JR., D.C. Bar #481866
                                                 United States Attorney


By:  */s/ Dedra S. Curteman*
DEDRA S. CURTEMAN, D.C. Bar # 90021492
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2550
dedra.curteman@usdoj.gov

*Counsel for the United States of America*

- 4 -