UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SPENCER ACKERMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Civil Action No. 24-2858 (TNM) |

**JOINT STATUS REPORT**

Pursuant to the Court's June 3, 2025, Minute Order, Plaintiff, Spencer Ackerman, and Defendant, the Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, respectfully submit the following joint status report.

Plaintiff filed his complaint on October 11, 2024, ECF No. 1, regarding multiple May 20, 2024, Freedom of Information Act ("FOIA") requests made to the FBI for records related to the FBI's investigations of Ali Khan and Majid Khan, who are two individuals the FBI investigated in connection with the attacks on the United States on September 11, 2001. *See* Compl. ¶¶ 1, 8.

Consistent with the Court's March 4, 2025, Minute Order, Defendant has completed its search, located 44,947 pages of potentially responsive material, with an additional 2 days, 15 hours and 21 minutes of audio/video media. While the Court has already approved the Defendant "producing at a rate of 250 pages per month until production is complete[,]" (Minute Order

February 13, 2025), this production has been paused with the Court's permission. Minute Entry, April 2, 2025. Throughout this time, the parties have discussed narrowing proposals.[1]

Pursuant to the Court's order that the parties confer regarding the production rate and possible narrowing of the FOIA requests to reduce the total processing time, (Minute Entries, April 2, 2025 & June 3, 2025), counsel for Plaintiff and Defendant met in person on June 10, 2025.[2] They discussed the most recent narrowing proposal and made progress to narrow the scope of Plaintiff's requests. The next day, Plaintiff's counsel proposed additional parameters of location and time periods to narrow the search criteria further, and, based on the FBI's suggestion, agreed that the FBI would further reduce the resulting revised subset by subsequently using a manual review to identify and select only records of several specific types (FD-302, FD-515, FD-542, warrant applications, audio/visual files) (more specifically described in emails between the parties' counsel).

Plaintiff's counsel responded on July 2, 2025, with three questions intended to help determine the viability of the above scoping and review proposal.[3] Counsel for Defendant shared these questions with the FBI that day, and the FBI is preparing their responses.

---

[1]  The FBI made a release in June 2025 in accordance with the Court's prior order. However, given the parties' recent negotiations to narrow the scope of the request, the FBI will put all further releases on hold pending resolution of the issue of the scope of the request.

[2]  Defendant's previously assigned counsel attended this meeting and has since left the Department of Justice. Defendant's newly assigned counsel began working at the United States Attorney's Office for the District of Columbia on Monday, June 30, 2025. As a new Assistant United States Attorney, counsel has assumed responsibility for a number of pending cases, and he is diligently working to become fully acquainted with the facts and procedural history of each case, including this one. Defendant's new counsel has discussed this case with its prior counsel, including the meeting held on June 10, 2025, and Defendant's counsel appreciates the Court's and counsel for Plaintiff's patience during this transition.

[3]  Plaintiff's counsel asked Defendant's counsel to confirm whether the FBI's proposed date and location-based narrowing procedure is a reasonable way of identifying certain FBI records associated with specific locations, how many pages would be included in the manual review, and

Over the next several weeks, the parties intend to continue conferring regarding the scope of Plaintiff's requests, their feasibility, and the estimated time frame for production. Because negotiations productively continue, the Parties do not currently propose a briefing schedule on Defendant's potential motion to dismiss or for summary judgment concerning whether the FOIA requests, as submitted to the FBI, adequately describe the records being sought or are unduly burdensome.

**Defendant's position is as follows:**

Defendant responded to Plaintiff's proposal on July 2, 2025, confirming the feasibility of additional parameters of location and time periods, the time frame for the FBI to determine how the revised criteria affect the number of potentially responsive records, and the FBI's proposed time frame of 60 days for the Bureau to complete its manual review and subsequently to begin to process the first batch of 250 pages of the rescoped records.

Importantly, searching the records under Plaintiff's latest proposal still requires the FBI to conduct a manual review; this is based on the nature of the records themselves, their manner of storage, and the potential for redactions. As a threshold issue, the files requested are legacy files, which limits the FBI's ability to scope the records using automated methods. The Central Record System (CRS) is the FBI's current record keeping system; CRS files are searched via Sentinel, the case management system. Files created after Sentinel was implemented in 2012 are a bit more automated, meaning the FBI can export certain document types (e.g. FD-1057s (ECs), FD-302s (interviews), etc.). Legacy files, in contrast, require a manual process to review and find document

---

how much of the previously located audio/video media is responsive to Plaintiff's narrowed parameters.

types. How the proposed narrowing of the requests would impact the volume of responsive records to be processed is not yet known.

Expedited processing is inappropriate here. Plaintiff's Complaint did not request expedited processing as relief. Plaintiff made a belated request for expedited processing by email to Defendant's counsel on June 10, 2025. The FBI is considering this request for expedited processing and preparing its reply. Indeed, as noted by Plaintiff, *infra* p. 6, "Plaintiff is awaiting Defendant's determination of his request for expedited processing." While the FBI has not yet made a decision on this request, it should be noted that Plaintiff bears a high burden to obtain expedited processing—a burden Plaintiff has not yet met. *See Al-Fayed v. C.I.A.*, 254 F.3d 300, 309 (D.C. Cir. 2001) (quoting 5 U.S.C. § 552(a)(6)(E)(v) (expedited processing requires that plaintiffs "demonstrate[d] a compelling need," defined in "two branches: '(I) that a failure to obtain requested records on an expedited basis ... could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.'").

Considering that the Parties' negotiations are ongoing, and that Defendant's newly assigned counsel recently took over this case, Defendant respectfully requests that the Court take no action at this time and allow the Parties to submit a further joint status report apprising the Court as to the status of the case on or before August 5, 2025.

**Plaintiff's position is as follows:**

The parties have not agreed on the time needed for the FBI to conduct its proposed manual review. During the above described in-person confer on June 10, 2025, Defendant's counsel informed Plaintiff's counsel that the FBI's previous most recent dates/locations narrowing

proposal resulted in a subset of approximately 4,500 pages of potentially responsive records. The parties agreed at that time that the FBI would apply revised dates and locations and Defendant's counsel stated by email that she "will let you know what the FBI tells me as to the total of potentially responsive pages for this subset[…]" The FBI maintains that its proposal for a 60-day period is based on the nature of the records themselves and their manner of storage. Plaintiff has noted that Defendant's proposal for 60 days cannot be reasonably assessed until the Bureau determines the number of pages of records in the revised reduced subset that would be included in such a manual review. Defendant has had 21 days to apply the revised date/location narrowing parameters and determine the resulting volume so Plaintiff expects the result to be forthcoming.

However, based on Plaintiff's counsel's own experience personally performing numerous manual reviews for responsiveness of records on behalf of defendants in FOIA litigation, Plaintiff expects that a manual review of this kind is likely to require no more than two weeks. Plaintiff has emphasized that the proposed "light review" requires only a determination of whether a document's first page indicates a match to certain standard forms or formats, and not any deeper analysis of the records contents. Based on Plaintiff's counsel's direct experience, one reviewer should be able to review 500 pages of records of records per day in this way. Therefore, Plaintiff believes that a manual review as proposed would take five days for a record set of 4,500 pages. In light of the above, Plaintiff proposes that Defendant be given 30 days to finish applying its automatic location and date narrowing and conduct its manual review, and another 30 days to process its first production.

Plaintiff Seeks Expedited Processing.

On June 10, 2025, Plaintiff's counsel informed Defendant's previous counsel via email that Plaintiff seeks to have processing of his case given expedited status based on recent events in

litigation about similar records in a case against a terror suspect soon to be trial at the Guantanamo detention facility. At that time Plaintiff communicated to Defendant the basis of the expedited treatment, is in the case of Ammar al Baluchi which is currently in pretrial litigation at Guantanamo Bay, where the judge ruled in April that the FBI's interview memo describing the defendant's confession to the FBI while in Guantanamo in 2007 was inadmissible due to the CIA's interrogation techniques used on him in the years prior. Carol Rosenberg, Military Judge Throws Out Sept. 11 Case Confession as Obtained Through Torture, N.Y. Times (Apr. 11, 2025). According to reports, the prosecutor in the case intends to consider appealing the court's decision. *Id.* Such an appeal decision could be made any day, and the appeal itself could be briefed in the coming months. Both decisions, are likely to hinge on the likelihood of an appeals court's agreement with the prosecution that, "by the time of his interrogations in January 2007, his fourth month at Guantanamo Bay, Mr. Baluchi was no longer fearful of his captors and willingly participated in three days of questioning." *Id.* Other issues in the case pertain to that defendant's prior treatment while in U.S. custody at undisclosed locations and at Guantanamo Bay.

The FD-302 interview memo records and other records sought by Plaintiff would shed valuable light for the public on the FBI's practices in a nearly identical circumstance to the Baluchi case during the same time period. A subject of Plaintiff's FOIA requests, Majid Khan, was reported to have been interviewed by the FBI in January 2007, possibly during the same visit to Guantanamo as Mr. Baluchi, after having spent a similar amount of time there subsequent to detainment and harsh treatment in other undisclosed locations, as had Mr. Baluchi. The content of these records would thus be highly likely to illustrate the circumstances of Mr. Baluchi's treatment, in ways that could support either the prosecution or the defense in that case. Therefore expedited release of these records ahead of the government's potential decision to appeal and a court's

consideration of such an appeal, as well as the trial itself would satisfy a "compelling need" due to Mr. Ackerman's professional "urgency to inform the public concerning actual or alleged Federal Government activity." See *Al-Fayed, Mohamed, et al v. CIA, et al*, No. 00-5457 (D.C. Cir. 2001) ("*Al Fayed v. CIA*").

Plaintiff conveyed to the Defendant specifically that the requirements given in *Al Fayed v. CIA* are easily met here because the release of records with such potential to affect the upcoming trial of one of the 9/11 plotters is very obviously "a matter of current exigency to the American public." *Id.* Delay of the release of these interview forms would potentially "compromise a significant recognized interest" in the trial and appellate courts in the Baluchi case considering highly relevant information on the U.S. government's practices at issue in the case. *Id.* The trial court found reports of this government activity to be so credible as to exclude the subsequent confession to the FBI, which we understand took place the same month at the same location as a pivotal interview record Plaintiff is seeking, in January, 2007.

Based on these changed circumstances, Plaintiff has asked the FBI to agree to expedited processing for Mr. Ackerman's requests, and to process and release records at a rate of 2000 pages per month. Even this rate of processing would nonetheless only match the FBI's normal administrative practice of processing 250 pages per month per request for Mr. Ackerman's eight original requests. Plaintiff is awaiting Defendant's determination of his request for expedited processing.

In light of these facts, Plaintiff's respectfully requests the Court to order Defendant to immediately provide an estimate of the revised volume of the subset potentially responsive records to be manually reviewed as a result of the parties' negotiated automated narrowing plan. Plaintiff further requests that the Court order the parties to meet and confer over the remaining outstanding

- 8 -

issues of the time required for a manual review and the Plaintiff's request for expedited processing, and to file a Joint Status Report by August 5, 2025.

\*   \*   \*

Jointly, considering that the Parties negotiations are ongoing, the Parties respectfully request that the Court allow them to submit a further joint status report apprising the Court as to the status of the case on or before August 5, 2025.

Dated: July 3, 2025
       Washington, DC

*/s/ Kerry S. Gutknect*
Kerry S. Gutknecht, Esq.
1319 F St NW
Suite 301
Washington, DC 20004
202-798-1650
Email:Kerry@gutknechtlegal.com

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  */s/ Mason D. Bracken*
    Mason D. Bracken
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, D.C. 20530
    Telephone: (202) 252-2550
    mason.bracken@usdoj.gov

*Attorneys for the United States of America*